

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### WR-82,429-02

### EX PARTE MARK ANTHONY SOLIZ

### ON APPLICATION FOR WRIT OF HABEAS CORPUS CAUSE NO. F45059 IN THE 413ᵀᴴ DISTRICT COURT JOHNSON COUNTY

*Per curiam.*

### O R D E R

This is a subsequent application for a writ of habeas corpus filed pursuant to the provisions of Texas Code of Criminal Procedure Article 11.071, § 5, accompanied by a motion for a stay of execution.

On March 23, 2012, Applicant was convicted of the offense of capital murder. *See* TEX. PENAL CODE ANN. § 19.03. The jury answered the special issues submitted under Texas Code of Criminal Procedure Article 37.071, and the trial court, accordingly, set punishment at death. This Court affirmed Applicant's conviction and sentence on direct appeal, *Soliz v. State*, 432 S.W.3d 895 (Tex. Crim. App. 2014), and denied his initial post-conviction

Soliz - 2

application for writ of habeas corpus, *see* TEX. CODE CRIM. PROC. ANN. Art. 11.071. On April 8, 2019, the trial court set Applicant's execution for September 10, 2019.

Applicant raises one claim in his present application, alleging:

> Because [Applicant] suffers from Fetal Alcohol Spectrum Disorder (FASD) he should be categorically exempted from the death penalty on the grounds that FASD is the "functional equivalent" of conditions already recognized as disqualifying exemptions to the death penalty, such as intellectual disability, *Atkins v. Virginia*, 536 U.S. 304 (2002).

We have reviewed the subsequent application and find that Applicant has failed to satisfy the requirements of Article 11.071, § 5(a). Accordingly, we dismiss the subsequent application as an abuse of the writ without considering the merits of the claim and we deny Applicant's motion for a stay of execution.

IT IS SO ORDERED THIS THE 21ST DAY OF AUGUST, 2019.

Do Not Publish